**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND, *et al*., | ) | |
| | ) | Case Number: 1:26-cv-08759 |
| Plaintiffs, | ) | |
| vs. | ) | Judge: Hon. Martha M. Pacold |
| TRAILMEX SERVICES, INC., an Illinois corporation, and ELIZABETH GIL, an individual, | ) | Magistrate Judge: Hon. Heather K McShain |
| Defendants. | ) | |

**<u>MOTION FOR ORDER OF DEFAULT PURSUANT TO RULE 55(a)</u>**

NOW COME Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND ("Pension Fund"), the AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY WELFARE FUND ("Welfare Fund"), and AUTOMOBILE MECHANICS' LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND ("401(k) Fund") (collectively, the "Funds"), by and through their attorneys, JOHNSON & KROL, LLC, and move this Honorable Court for an Order of Default against Defendants TRAILMEX SERVICES, INC. ("Trailmex") and ELIZABETH GIL ("Gil") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as follows:

1. On July 23, 2026, Plaintiffs filed their Complaint in this matter. The Complaint contains two (2) counts. The first count is a claim for breach of the Collective Bargaining Agreement, Declarations of Trust, and Participation Agreements against both Defendants. The second count is a claim for breach of the Installment Payment Agreement against both Defendants. (Docket No. 1).

2. On July 23, 2026, the Clerk of the U.S. District Court for the Northern District of Illinois

issued two (2) Summonses as to Defendants Trailmex and Gil. (Docket No. 8).

3. On August 5, 2026, the Summons and Complaint were served on Defendant Trailmex via corporate service by leaving true and correct copies of said documents with its Registered Agent, Elizabeth Gil. (Docket No. 11).

4. On August 5, 2026, the Summons and Complaint were served on Defendant Gil via personal service by leaving true and correct copies of said documents with Defendant Gil. (Docket No. 10).

5. Both Defendants have failed to answer or otherwise plead to the allegations of the Complaint within twenty-one (21) days of the date on which Defendants were served with the Summonses and Complaint as required by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(1)(A)(i).

6. This Court may enter an order of default against any party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a).

7. Accordingly, Plaintiffs request that this Honorable Court enter a default against Defendants Trailmex and Gil.

8. As Plaintiffs alleged in their Complaint, Defendants Trailmex and Gil's obligations under the Collective Bargaining Agreement are based on the weeks of work performed by their bargaining-unit employees. (Docket No. 1).

9. Defendants Trailmex and Gil have an on-going obligation to report the weeks worked by their bargaining-unit employees so that their liabilities to Plaintiffs may be calculated. (Docket No. 1).

10. Defendants Trailmex and Gil's current liability to Plaintiffs stems from weeks of work performed by Trailmex's employees during the months of May, June, July and August

2026. As such, Plaintiffs request that this Honorable Court order Defendants Trailmex and Gil to turn over comprehensive payroll records for all of Trailmex's employees for the period of May 1, 2026 through present.

11. Contemporaneously with the filing of this motion, Plaintiffs submitted a proposed Order of Default to the Court's proposed order inbox.

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court enter a Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendants Trailmex and Gil;

B. This Honorable Court order Defendants Trailmex and Gil, jointly, to turn over comprehensive payroll records—which shall include employee specific weekly payroll information, including the number of hours worked, an itemized statement of any deductions to his/her gross payroll and the net amount of pay received by each employee during each weekly payroll period—for all of Trailmex's employees for the period of May 1, 2026 through present; and

C. Grant any other relief this Court deems appropriate in favor of Plaintiffs and against Defendants Trailmex and Gil.

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND *et al.***

By: /s/ Spencer J. Garner (6349089)
*One of Plaintiffs' Attorneys*
Spencer J. Garner
JOHNSON & KROL, LLC
141 W Jackson Boulevard, STE 2055
Chicago, Illinois 60604
(312) 320-9420
garner@johnsonkrol.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2026, a copy of this Motion for Order of Default Pursuant to Rule 55(a) and the corresponding Proposed Order were served upon Defendants Trailmex and Gil via U.S. First-Class Mail at the address set forth below:

Trailmex Services, Inc. and Elizabeth Gil (Registered Agent)
7506 W. 84th Place
Bridgeview, IL 60455

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND *et al.***

By: /s/ Spencer J. Garner (6349089)
*One of Plaintiffs' Attorneys*
Spencer J. Garner
JOHNSON & KROL, LLC
141 W Jackson Boulevard, STE 2055
Chicago, Illinois 60604
(312) 320-9420
garner@johnsonkrol.com