**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND, *et al.*, | ) | |
| | ) | Case Number: 1:26-cv-08759 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Judge: Hon. Martha M. Pacold |
| | ) | |
| TRAILMEX SERVICES, INC., an Illinois corporation, and ELIZABETH GIL, an individual, | ) | Magistrate Judge: Hon. Heather K. McShain |
| | ) | |
| Defendants. | ) | |

**MOTION FOR DEFAULT JUDGMENT**

NOW COME Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND ("Pension Fund"), the AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY WELFARE FUND ("Welfare Fund"), and MECHANICS' LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND ("401(k) Fund") (collectively, the "Funds"), by and through their attorneys, JOHNSON & KROL, LLC, and move this Honorable Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure to enter a Default Judgment against Defendants TRAILMEX SERVICES, INC. ("Trailmex") and ELIZABETH GIL ("Gil") as follows:

1. On July 23, 2026, Plaintiffs filed their Complaint in this matter. The Complaint contains two (2) counts. The first count is a claim for breach of the Collective Bargaining Agreement (CBA), Declarations of Trust, and Participation Agreements against both Defendants. The second count is a claim for breach of the Installment Payment Agreement against both Defendants. (Docket No. 1).

2. On July 23, 2026, the Clerk of the U.S. District Court for the Northern District of Illinois

issued two (2) Summonses as to Defendants Trailmex and Gil. (Docket No. 8).

3. On August 5, 2026, the Summons and Complaint were served on Defendant Trailmex via corporate service by leaving true and correct copies of said documents with its Registered Agent, Elizabeth Gil. (Docket No. 11).

4. On August 5, 2026, the Summons and Complaint were served on Defendant Gil via personal service by leaving true and correct copies of said documents with Defendant Gil. (Docket No. 10).

5. Both Defendants failed to answer or otherwise plead to the allegations of the Complaint within twenty-one (21) days of the date on which Defendants were served with the Summonses and Complaint as required by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(1)(A)(i).

6. On September 15, 2026, this Court entered a default against Defendants Trailmex and Gil and ordered Defendants to "produce to Plaintiffs' counsel comprehensive payroll records for all Trailmex employees for the period of May 1, 2026 through present" (the "Order of Default"). (Docket No. 17).

7. Pursuant to the Order of Default, Defendants Trailmex and Gil produced some of the records necessary for Plaintiffs to calculate damages owed.

8. Based on information provided by Defendants, the Funds determined that Defendants Trailmex and Gil owe contributions to the Funds totaling $53,047.00, itemized as follows:

| **Month:** | **Fund:** | **Contributions:** |
|---|---|---:|
| May 2026 | Pension Fund | $5,175.00 |
| Jun. 2026 | Welfare Fund (Bargained) | $5,028.00 |
| Jun. 2026 | Welfare Fund (Non-Bargained) | $3,512.00 |
| Jun. 2026 | Pension Fund | $2,724.00 |
| Jul. 2026 | Welfare Fund (Bargained) | $5,028.00 |
| Jul. 2026 | Welfare Fund (Non-Bargained) | $3,512.00 |
| Jul. 2026 | Pension Fund | $2,724.00 |

| Month: | Fund: | Contributions: |
|---|---|---|
| Aug. 2026 | Welfare Fund (Bargained) | $6,285.00 |
| Aug. 2026 | Welfare Fund (Non-Bargained) | $4,390.00 |
| Aug. 2026 | Pension Fund | $3,405.00 |
| Sept. 2026 | Welfare Fund (Bargained) | $5,028.00 |
| Sept. 2026 | Welfare Fund (Non-Bargained) | $3,512.00 |
| Sept. 2026 | Pension Fund | $2,724.00 |
| | | **$53,047.00** |

(Certification of Kristine Bendy is attached as **Exhibit 1**).

9. As a result of the unpaid contributions, Defendants Trailmex and Gil are liable to the Funds for liquidated damages and interest (through 11/15/2026) totaling $6,707.45, itemized as follows:

| Month: | Fund: | Liquidated Damages: | Interest: |
|---|---|---|---|
| May 2026 | Pension Fund | $517.50 | $252.07 |
| Jun. 2026 | Welfare Fund (Bargained) | $502.80 | $202.80 |
| Jun. 2026 | Welfare Fund (Non-Bargained) | $351.20 | $141.65 |
| Jun. 2026 | Pension Fund | $272.40 | $109.87 |
| Jul. 2026 | Welfare Fund (Bargained) | $502.80 | $145.97 |
| Jul. 2026 | Welfare Fund (Non-Bargained) | $351.20 | $101.96 |
| Jul. 2026 | Pension Fund | $272.40 | $79.08 |
| Aug. 2026 | Welfare Fund (Bargained) | $628.50 | $119.62 |
| Aug. 2026 | Welfare Fund (Non-Bargained) | $439.00 | $83.55 |
| Aug. 2026 | Pension Fund | $340.50 | $64.80 |
| Sept. 2026 | Welfare Fund (Bargained) | $502.80 | $45.25 |
| Sept. 2026 | Welfare Fund (Non-Bargained) | $351.20 | $31.61 |
| Sept. 2026 | Pension Fund | $272.40 | $24.52 |
| | **Total** | **$5,304.70** | **$1,402.75** |

(**Exhibit 1**).

10. As to the 401(k) Fund, Defendants failed to transmit elective deferrals on behalf of employee Adam Jasinski for the months of June 2026 through September 2026 as required by the CBA and Jasinski's deferral election card. The 401(k) Fund estimates that Defendants should have deferred $1,612.70 in 401(k) elective deferrals for months of June 2026 through September 2026 on behalf of Jasinski, itemized as follows:

| Month: | Estimated 401(k) Deferral: |
|---|---|
| Jun. 2026 | $379.46 |
| Jul. 2026 | $379.46 |
| Aug. 2026 | $474.32 |
| Sept. 2026 | $379.46 |
| **Total** | **$1,612.70** |

(**Exhibit 1**).

11. As a result of the unpaid 401(k) elective deferrals, Defendants Trailmex and Gil are liable to the 401(k) Fund for 401(k) liquidated damages and 401(k) interest (through 11/5/2026) totaling $217.25, itemized as follows:

| Month: | 401(k) Liquidated Damages | 401(k) Interest: |
|---|---|---|
| Jun. 2026 | $37.95 | $18.97 |
| Jul. 2026 | $37.95 | $15.18 |
| Aug. 2026 | $47.43 | $14.23 |
| Sept. 2026 | $37.95 | $7.59 |
| **Total** | **$161.28** | **$55.97** |

(**Exhibit 1**).

12. Plaintiffs have been required to employ the undersigned counsel to collect the amounts detailed above that are due and owing from the Defendants.

13. Defendants are required to pay the reasonable attorneys' fees and court costs incurred by the Funds pursuant to the CBA, Participation Agreements, Trust Agreements, Collection and Payroll Audit Procedures, and 29 U.S.C. §1132(g)(2)(D).

14. To date, Plaintiffs have expended $12,054.72 in reasonable attorneys' fees and court costs pursuing Defendants for their breach of the CBA and Installment Payment Agreement. (Affidavit of Attorneys' Fees and Costs is attached as **Exhibit 2**).

15. Contemporaneously with the filing of this motion, Plaintiffs submitted a proposed Order of Default Judgment to this Court's proposed order inbox.

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendants Trailmex and Gil in the aggregate amount of $73,639.12, itemized as follows:

1. $53,047.00 in contributions for May through September 2026;
2. $5,304.70 in liquidated damages resulting from late payment of contributions owed for May through September 2026;
3. $1,402.75 in interest resulting from late payment of contributions owed for May through September 2026;
4. $1,612.70 in 401(k) elective deferrals for months of June 2026 through September 2026 on behalf of Jasinski;
5. $161.28 in 401(k) liquidated damages for late payment of the 401(k) elective deferrals for months of June 2026 through September 2026;
6. $55.97 in 401(k) interest for late payment of the 401(k) elective deferrals for months of June 2026 through September 2026; and
7. $12,054.72 in reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements, Collection and Payroll Audit Procedures, and 29 U.S.C. §1132(g)(2)(D).

B. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants Trailmex and Gil's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND *et al.***

By: /s/ Spencer J. Garner (6349089)
*One of Plaintiffs' Attorneys*
Spencer J. Garner
JOHNSON & KROL, LLC
141 W Jackson Boulevard, STE 2055
Chicago, Illinois 60604
(312) 320-9420
garner@johnsonkrol.com