# EXHIBIT

# 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND, *et al.*, | ) | |
| | ) | Case Number: 1:26-cv-08759 |
| Plaintiffs, | ) | |
| vs. | ) | Judge: Hon. Martha M. Pacold |
| TRAILMEX SERVICES, INC., an Illinois corporation, and ELIZABETH GIL, an individual, | ) | Magistrate Judge: Hon. Heather K. McShain |
| Defendants. | ) | |

**CERTIFICATION OF KRISTINE BENDY**

I, Kristine Bendy, hold the title of Accounting Manager/Controller of the AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY PENSION FUND ("Pension Fund"), the AUTOMOBILE MECHANICS' LOCAL NO. 701, UNION AND INDUSTRY WELFARE FUND ("Welfare Fund"), and MECHANICS' LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND ("401(k) Fund") (collectively, the "Funds"). Having been duly sworn on oath, I depose and state based on my personal knowledge as follows:

1. As the Accounting Manager/Controller of the Funds, I am aware of all contributing employers' liabilities to the Funds.
2. The Funds are multiemployer fringe benefit funds maintained pursuant to collective bargaining agreements requiring employer contributions that are administered by Boards of Trustees that consist of an equal number of trustees appointed by the Automobile Mechanics' Local 701, International Association of Machinists and Aerospace Workers, AFL-CIO of Chicago and Vicinity ("Union") and an equal number of trustees appointed by employers.
3. Pursuant to the provisions of the Collective Bargaining Agreement ("CBA") negotiated with the Union and the Agreements and Declarations of Trust ("Trust Agreements") that created and administer the Funds, Defendant TRAILMEX SERVICES, INC. ("Trailmex") is required to pay weekly contributions to the Pension Fund and Welfare Fund on behalf

of its bargaining-unit employees that perform any work on behalf of Trailmex. Those contributions to the Pension Fund and Welfare Fund are due by the tenth (10th) day of the month following the month in which the work was performed.

4. Pursuant to the CBA, the 401(k) Fund's Trust Agreement, and salary deferral forms submitted by Trailmex's bargaining-unit employees, Trailmex is required to deduct 401(k) elective deferrals as directed from its employees' wages and transmit those deferrals to the 401(k) Fund by the tenth (10th) day of the month following the month in which the work was performed.

5. Pursuant to the provisions of the Participation Agreements, Trust Agreements, and Collection and Payroll Audit Procedures, employers who fail to pay contributions and/or elective deferrals to the Funds by the tenth (10th) day of each month following the month in which the work is performed are liable for liquidated damages in the amount of ten percent (10%) of all delinquent contributions/deferrals as well as interest at a rate of one percent (1%) per month from the original due date until the contributions/deferrals are paid in full. Before liquidated damages and interest are assessed, there is a grace period of five (5) business days for contributions owed to the Pension Fund and Welfare Fund, and a grace period of up to five (5) business days but no later than the fifteenth (15th) day of each month following the month in which the work is performed for 401(k) elective deferrals.

6. In April 2026, the Pension Fund entered into an Installment Payment Agreement with Trailmex and ELIZABETH GIL ("Gil") to resolve their outstanding liabilities. Pursuant to the Installment Payment Agreement, Gil agreed to be jointly liable with Trailmex for all Trailmex's then known liabilities as well as future liabilities incurred.

7. While bound to the Installment Payment Agreement, Trailmex and Gil, as joint employers, failed to report weeks worked and to remit contributions to the Funds for the months of May through September 2026 on behalf of Trailmex's bargaining and non-bargaining unit employees in breach of the CBA, Trust Agreements, and Participation Agreement.

8. Based on records produced by Trailmex and Gil, the Funds determined that Defendants Trailmex and Gil owe contributions to the Funds totaling $53,047.00, itemized as follows:

| Month: | Fund: | Contributions: |
|---|---|---|
| May 2026 | Pension Fund | $5,175.00 |
| Jun. 2026 | Welfare Fund (Bargained) | $5,028.00 |
| Jun. 2026 | Welfare Fund (Non-Bargained) | $3,512.00 |

| Month: | Fund: | Contributions: |
|---|---|---|
| Jun. 2026 | Pension Fund | $2,724.00 |
| Jul. 2026 | Welfare Fund (Bargained) | $5,028.00 |
| Jul. 2026 | Welfare Fund (Non-Bargained) | $3,512.00 |
| Jul. 2026 | Pension Fund | $2,724.00 |
| Aug. 2026 | Welfare Fund (Bargained) | $6,285.00 |
| Aug. 2026 | Welfare Fund (Non-Bargained) | $4,390.00 |
| Aug. 2026 | Pension Fund | $3,405.00 |
| Sept. 2026 | Welfare Fund (Bargained) | $5,028.00 |
| Sept. 2026 | Welfare Fund (Non-Bargained) | $3,512.00 |
| Sept. 2026 | Pension Fund | $2,724.00 |
| | | **$53,047.00** |

9. As a result of the unpaid contributions owed for May through September 2026, Defendants Trailmex and Gil are liable to the Funds for liquidated damages and interest (through 11/15/2026) totaling $6,707.45, itemized as follows:

| Month: | Fund: | Liquidated Damages: | Interest: |
|---|---|---|---|
| May 2026 | Pension Fund | $517.50 | $252.07 |
| Jun. 2026 | Welfare Fund (Bargained) | $502.80 | $202.80 |
| Jun. 2026 | Welfare Fund (Non-Bargained) | $351.20 | $141.65 |
| Jun. 2026 | Pension Fund | $272.40 | $109.87 |
| Jul. 2026 | Welfare Fund (Bargained) | $502.80 | $145.97 |
| Jul. 2026 | Welfare Fund (Non-Bargained) | $351.20 | $101.96 |
| Jul. 2026 | Pension Fund | $272.40 | $79.08 |
| Aug. 2026 | Welfare Fund (Bargained) | $628.50 | $119.62 |
| Aug. 2026 | Welfare Fund (Non-Bargained) | $439.00 | $83.55 |
| Aug. 2026 | Pension Fund | $340.50 | $64.80 |
| Sept. 2026 | Welfare Fund (Bargained) | $502.80 | $45.25 |
| Sept. 2026 | Welfare Fund (Non-Bargained) | $351.20 | $31.61 |
| Sept. 2026 | Pension Fund | $272.40 | $24.52 |
| | **Total** | **$5,304.70** | **$1,402.75** |

10. As to the 401(k) Fund, Defendants failed to transmit elective deferrals on behalf of employee Adam Jasinski for the months of June 2026 through September 2026. Accordingly, I estimated the amounts owed by Defendants on behalf of employee Adam Jasinski as follows:

A. Jasinski's monthly salary for June through September 2026 was estimated using the hourly rate derived from the amount of his May 2026 salary identified in the 401(k) remittance report and weekly hours data I received from the Funds' auditor.

B. The Funds' auditor advised that Defendants' payroll records show that Jasinski was paid for thirty-two (32) hours per week for March 2026 and the months preceding it.

C. The salary reported on the May 2026 401(k) remittance report was divided by five (5) weeks, because May 2026 was a five-week contribution month according to the Welfare Fund and Pension Fund remittance report.

D. That weekly figure was then divided by thirty-two (32) hours, yielding an hourly rate of $29.65.

E. To determine the salary for June 2026, the hourly rate of $29.65 was multiplied by 128 hours (four (4) weeks at thirty-two (32) hours per week), yielding a four-week salary of $3,794.56.

F. Because July 2026 and September 2026 are also four-week reporting months, I estimate his monthly salary for those months to be $3,794.56 in the same manner as I did for June 2026.

G. Because August is a five-week reporting month, I used the same hourly rate of $29.65 but multiplied that by 160 hours (five (5) weeks at thirty-two (32) hours per week), yielding a four-week salary of $4,743.20.

H. Because Jasinski elected to defer 10% of his gross wages, I estimate that Defendants Trailmex and Gil should have deferred $1,612.70 in 401(k) elective deferrals for months of June 2026 through September 2026 on behalf of Jasinski, itemized as follows:

| Month: | Estimated 401(k) Deferral: |
|---|---|
| Jun. 2026 | $379.46 |
| Jul. 2026 | $379.46 |
| Aug. 2026 | $474.32 |
| Sept. 2026 | $379.46 |
| **Total** | **$1,612.70** |

11. As a result of the unpaid 401(k) elective deferrals, Defendants Trailmex and Gil are liable to the 401(k) Fund for 401(k) liquidated damages and 401(k) interest (through 11/15/2026) totaling $217.25, itemized as follows:

| Month: | 401(k) Liquidated Damages | 401(k) Interest: |
|---|---|---|
| Jun. 2026 | $37.95 | $18.97 |
| Jul. 2026 | $37.95 | $15.18 |
| Aug. 2026 | $47.43 | $14.23 |
| Sept. 2026 | $37.95 | $7.59 |
| **Total** | **$161.28** | **$55.97** |

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2026.

Kristine Bendy